FULVIO F. CAJINA (SBN 289126)
528 Grand Avenue
Oakland, CA 94610
Tel: (415) 601-0779
Fax: (510) 225-2636
Email: fulvio@cajinalaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURAN BENTON, individually; LAURA BENTON as survivor for decedent CORY BENTON,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; and DOE OFFICERS 1-10.<br><br>　　　　　Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff LAURA BENTON, demanding a jury trial, brings this action against Defendants THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; and DOE OFFICERS 1-10, inclusive, for general, consequential, compensatory, punitive and statutory damages, costs and attorneys' fees resulting from defendants' unconstitutional and tortious conduct, and as grounds therefore allege as follows:

## I. PARTIES

1. Plaintiff LAURA BENTON was the wife of decedent, CORY BENTON and successor-in-interest to the decedent.

2. Defendant THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (the "CDCR") is a state agency. At all times relevant hereto, Defendant CDCR ran and operated the Salinas Valley State Prison located in Monterey County, California.

3. Defendant DOE OFFICERS 1-10 were employed by the CDCR at the time of the incident. These individuals are being sued in their individual capacities and will be identified and named in the complaint once their identities have been ascertained by the Plaintiff.

4. All defendants acted under the color of law as it pertains to this complaint.

## II. JURISDICTION AND VENUE

5. This action is brought pursuant to 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over plaintiffs' claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a). This Court also has pendent jurisdiction regarding all state claims. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in Monterey County which is in the Northern District.

### III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff timely submitted a government tort claim form to the California Department of General Services pursuant to the California Tort Claims Act on April 15, 2024. No response was sent to Plaintiff or her counsel from the state.

### IV. STATEMENT OF FACTS

7. On October 15, 2023, decedent, CORY BENTON, was housed as an inmate at the Salinas Valley State Prison. He was in jail on an assault with a deadly weapon charge with a gang enhancement. Mr. BENTON had arrived at Salinas Valley State Prison on approximately October 12, 2023.

8. Mr. BENTON, someone with a purported gang affiliation, was placed in the general population of the prison upon his arrival to Salinas Valley State Prison. Mr. BENTON was not placed in administrative segregation or under any sort of specialized protection.

9. Upon information and belief, Mr. BENTON was improperly classified by Defendant DOE OFFICERS 1-5.

10. Within three (3) days of his arrival, three violent inmates, Alberto Valades, Jose Valle, and Jimmy Martinez, attacked Mr. BENTON with inmate-manufactured weapons, shivs. They stabbed Mr. BENTON multiple times while Defendant DOE OFFICERS 5-10 were present.

11. DOE OFFICERS 5-10 responded to the scene. First aid was provided to Mr. BENTON at the scene and Defendants took efforts to transport Mr. BENTON to receive medical care for his injuries.

12. At all times relevant hereto, the Salinas Valley State Prison, run and operated by the CDCR, did not have medical facilities on-site to treat injuries such as the ones sustained by Mr. BENTON.

13. At all times relevant hereto, the Salinas Valley State Prison, run and operated by the

CDCR, did not have any custom or policy of medevac'ing inmates who sustained serious injuries to a Level 1 trauma center.

14. Instead, the Salinas Valley State Prison, run and operated by the CDCR, had a policy and custom and practice of driving inmates who sustained serious injuries to a Level 2 trauma center located over 30 minutes away from the prison.

15. As a result of the above policies, customs, practices, acts and omissions, Mr. BENTON died from his injuries prior to receiving the medical care he needed to treat his injuries.

16. Mr. BENTON died on October 15, 2023.

17. At all times relevant hereto, Plaintiff LAURA BENTON was Mr. BENTON's wife.

## V. CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**(Violation of the Eighth Amendment of the United States Constitution)**
**(Violation 42 U.S.C. § 1983)**

18. PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 17 As set forth above.

19. First, Defendants DOE OFFICERS 1-5 made intentional decisions with respect to the conditions under which Mr. BENTON was housed at the Salinas Valley State Prison. Said Defendants made intentional decisions (classification decisions), related to where in the prison Mr. BENTON would be held in custody and what level of protection, if any, he would receive on account of his purported gang affiliation.

20. Second, those conditions put the Mr. BENTON at substantial risk of suffering serious harm by, among other things, exposing Mr. BENTON to potential rival gangs.

21. Third, the Defendants did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances (e.g., knowing that Mr. BENTON had a purported gang affiliation) would have appreciated the high degree of risk involved in placing

4

Mr. BENTON into the general population of the Salinas Valley State Prison —making the consequences of the Defendant's conduct obvious; and

22. Fourth, by not taking such measures, the Defendants caused the Mr. BENTON's injuries.

WHEREFORE, PLAINTIFF, as successor in interest of Mr. BENTON, prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(42 U.S.C. § 1983)**
**(Violations of PLAINTIFF's Civil Right to a Familial Relationship)**

23. PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 17 As set forth above.

24. Plaintiff was the wife of decedent, CORY BENTON. As his wife, Plaintiff has a constitutional interest to the companionship of her husband, decedent, which is protected from unwarranted state interference under the substantive due process clause of the Fourteenth amendment. Defendant acted both intentionally and with deliberate indifference to the rights of Plaintiff by engaging in the actions/inactions described in this complaint, which violated decedent's rights. Defendant's actions/inactions were undertaken with a conscious or reckless disregard of the consequences of one's acts or omissions despite having ample time to deliberate about decedent's constitutional violations and its effects on Plaintiff.

25. Defendants committed overt acts and were willful participants in concerted action that led to a deprivation of Plaintiff's constitutional rights under the Fourteenth Amendment – loss of familial association – in violation of 42 U.S.C. § 1983.

26. By reason of the aforementioned actions and inactions of Defendants, Plaintiff experienced severe pain and suffering as a result of the loss of her husband, for which she is entitled to recover damages.

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**(42 U.S.C. § 1983)**
**(*Monell* Violations)**

27. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs hereof as though fully set forth herein.

28. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants CDCR, with deliberate indifference, and conscious and reckless disregard to the safety, security and constitutional and statutory rights of inmates, such as Mr. BENTON, maintained, enforced, tolerated, ratified, permitted, acquiesced in, and/or applied, among others, the following practices, policies and customs:

29. Failing to ensure safety of inmates by not having adequate medical facilities or personnel on-site in the event was injured in such as manner resulting in blood loss;

30. Failing to ensure safety of inmates by not having adequate procedures for medevac'ing inmates who sustained serious injuries at the Salinas Valley Detention Facility to either a Level 1 or Level 2 acute care facility;

31. Failing to have proper methods in place for the expedient transportation of inmates who sustained serious injuries to a Level 2 acute care facility; and

32. Failing to properly train CDCR personnel on how to properly classify inmates with purported gang affiliations.

33. By reason of the aforementioned policies and practices of Defendants, decedent died and Plaintiff is entitled to recover damages. The aforementioned acts and omissions also caused Mr. BENTON pain and suffering, loss of enjoyment of life, and death.

34. Defendants, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the different policies, practices, and customs alleged in the paragraphs above. Despite having knowledge as stated above, Defendants condoned, tolerated, and through actions and inactions ratified such policies and practices. Said defendants also acted with deliberate indifference to both the foreseeable effects and consequences of these policies and practices and to the constitutional rights of Plaintiffs and other individuals similarly situated. Furthermore, the policies, practices, and customs implemented, maintained and still tolerated by Defendants were affirmatively linked to and were a significantly influential force behind Plaintiff and Mr. BENTON's injuries.

## FOURTH CAUSE OF ACTION

### Negligence - Cal. Civil Code 1714

**(Plaintiff Against Defendants DOE OFFICERS 1-10)**

35. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs hereof as though fully set forth herein.

36. BENTON died as a result of injuries sustained at the Salinas Valley Detention Facility.

37. Defendants had a duty to act reasonably to avoid, or foresee the risk that Decedent was at risk of physical harm and a duty to prevent harm to Decedent as a detainee, including by providing Decedent adequate care and/or adequate access to such care.

38. Defendants, agents, servants, and/or employees of the CDCR, and within the course and scope of such agency, service, and/or employment, and under color of authority, were

negligent in relation to Decedent's health, safety and welfare, and breached their duty of care by not acting reasonably under the circumstances of such risk, as described herein /or by failing to discharge their duties. Each of these Defendants' breaches of duty were proximate and actual causes of injury to Decedent.

39. As a result, Decedent was injured and died. Each of the DOE Defendants were the proximate and actual cause of injury to Plaintiff.

40. As a direct and proximate result of the aforementioned acts by Defendants, Plaintiff has been and continues to be generally and specially damaged in an amount according to proof.

## VI. PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages and other special damages according to proof;
2. For general damages according to proof;
3. For punitive damages against all individual defendants according to proof;
4. The prejudgment interest at the legal rate according to proof;
5. For costs and reasonable attorneys' fees as provided by law; and
6. For such other relief as the Court may deem fit and proper.

## VII. JURY DEMAND

Plaintiff demands a jury trial in this action.

LAW OFFICE OF FULVIO F. CAJINA

Dated: October 14, 2025

/s/ Fulvio F. Cajina
FULVIO F. CAJINA
Attorney for Plaintiff

8